In the Matter of DENNIS F. WILK et al., Appellants, v BERNADETTE CASTRO, as Commissioner of New York State Office of Parks, et al., Respondents. [789 NYS2d 365]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 21, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination granting James Daniels and Lynne Daniels (respondents) a right of access over parkland pursuant to Parks, Recreation and Historic Preservation Law § 13.11 in order to construct a driveway to provide access to a parcel owned by respondents. We agree with petitioners that the determination is "affected by an error of law" (CPLR 7803 [3]) because it is not supported by a plain reading of the statute, and we therefore reverse the judgment and grant the petition.

Parks, Recreation and Historic Preservation Law § 13.11 (1) provides in relevant part that, "[i]f the acquisition of real property for park, parkway, historic preservation or recreational purposes by [respondent New York State Office of Parks, Recreation and Historic Preservation (OPRHP)] or a state agency results in abutting premises being cut off from access to a pub-

lic road, . . . the [OPRHP] or state agency so acquiring is authorized to acquire such additional real property as may be necessary to provide such abutting premises with means of ingress and egress to a public road . . . ." Here, it is undisputed that the parcel in question has not been cut off from access to a public road and, indeed, has 60 feet of road frontage on Long Road. The fact that the Erie County Department of Public Works previously denied respondents' application for permission to build a driveway in the 60-foot frontage does not alter the fact that the parcel is not "landlocked." We note in addition that the record establishes that the two parcels owned by respondents, i.e., the lot at issue and the adjacent property on which a single-family dwelling is constructed with 240 feet of road frontage on Long Road, constituted one parcel until 1967. At that time, the parcel was subdivided into its existing configuration. Thus, the further statutory requirement that the lack of access must result from the acquisition of property by the State is not met here. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.